**UNITED STATES DISTRICT COURT**

**STATE OF NEVADA**

| | |
|---|---|
| TAMMY L. PHELPS,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Foreign Corporation dba THE HOME DEPOT; DOES 1-10 and ROE CORPORATIONS 1-10, inclusive,<br><br>Defendants, | Case No.: 3:26-cv-00761-ART-CLB<br><br>**DISCOVERY PLAN AND SCHEDULING ORDER** |

Pursuant to Local Rule 26-1(e), the Parties hereby submit their proposed Discovery Plan and Scheduling Order.

**1. <u>Meeting:</u>** Pursuant to FRCP Rule 26(f), counsel participated in a scheduling conference, with Matt Dion, Esq., of Matt Dion & Associates, LLC, appearing on behalf of Plaintiff, and Lynn V. Rivera, Esq., of Zelms Erlich Lenkov LLC, appearing on behalf of Defendant.

**2. <u>Pre-Discovery Disclosures:</u>** Pursuant to FRCP Rule 26(a)(1), the Parties agreed to make their pretrial disclosures, including but not limited to any computation(s) of damages required pursuant to FRCP 26(a)(i)(A)(iii).

**3. <u>Areas of Discovery:</u>** The Parties agree that the areas of discovery should include but is not limited to all claims and defenses allowed pursuant to the Federal Rules of Civil Procedure.

**4. Protective Order:** The Parties may seek to enter a stipulated protective order pursuant to Rule 26(c) prior to producing any confidential documents.

**5. Discovery Plan:** The Parties propose the following discovery plan:

**A. Discovery Cut-off Date(s):**

The Parties shall have until June 28, 2027, to conduct discovery. Defendant filed a notice of removal on October 1, 2026. Generally, LR 26-1(b)(1) provides a discovery period no longer than one hundred eighty (180) days from the date the first defendant answers or appears may require special scheduling review. The Parties, however, respectfully request 270 days from the date of removal given that Plaintiff is still treating and the medical records are voluminous.

**B. Amending the Pleadings and Adding Parties:**

The Parties shall have until March 30, 2027, to file any motions to amend the pleadings to add parties. This is 90 days before the discovery cut-off date.

**C. FRCP 26(a)(2) Disclosure of Experts:**

Disclosure of experts shall proceed according to FRCP Rule 26(a)(2) and LR 26-1(e)(3) as follows: the disclosure of experts and their reports shall occur on or before April 29, 2027. The disclosure of rebuttal experts and their reports shall occur on or before May 31, 2027. The expert disclosure deadline is 60 before the discovery cut-off date and the rebuttal expert disclosure deadline is 30 days after the initial expert disclosure deadline.

**D. Dispositive Motions:**

The parties shall have until July 28, 2027, to file dispositive motions. This is 30 days after the discovery cut-off date, as required by LR 26-1(e)(4).

**E. Pre-Trial Order:**

The parties will prepare a Consolidated Pre-Trial Order on or before August 27, 2027, which is not more than 30 days after the date set for filing dispositive motions in the case, as required by LR 26-1(e)(5). This deadline will be suspended if dispositive motions are timely filed until 30 days after the decision of the dispositive motions or until further order of the Court. The disclosure required by FRCP Rule 26(a)(3), and objections thereto, shall be included in the pre-trial order.

**F. <u>Court Conferences:</u>**

If the Court has questions regarding the dates proposed by the Parties, the Parties request a conference with the Court before entry of the Scheduling Order. If the Court does not have questions, the Parties do not request a conference with the Court.

**G. <u>Authorizations:</u>**

Plaintiff will provide executed authorizations to Defendant.

**H. <u>Format of Discovery:</u>**

Pursuant to the electronic discovery amendments to the Federal Rules of Civil Procedure effective December 1, 2006, the parties addressed the e-discovery issues pertaining to the format of discovery at the Rule 26(f) conference. The parties do not anticipate discovery of native files or metadata at this time, but each party reserves the right to make a showing for the need of such electronic data as discovery progresses.

**I. <u>Alternative Dispute Resolution:</u>**

The Parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. section 636(c) and Fed. R. Civ. P. 73 and the use of the short trial program (General Order 2013-01). The Parties certify that they have met and conferred about the possibility of using alternative dispute-resolution processes including the availability of a magistrate, mediation, arbitration, and if applicable, early neutral evaluation.

**<u>J. Electronic Evidence:</u>**

The Parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations and both parties reserve the right to do so.

**K. <u>Extensions or Modifications of the Discovery Plan</u>**: The Parties acknowledge that an application to extend any date set forth in this plan, scheduling order, or other order must comply with the local rules and be submitted 21 days before the first deadline.

DATED: November 24, 2026 **MATT DION & ASSOCIATES, LLC**

<u>/s/ Matthew L. Dion, Esq.</u>
MATTHEW L. DION, ESQ.
*Attorneys for Plaintiff*

DATED: November 24, 2026

**ZELMS ERLICH LENKOV**

By /s/ Lynn V. Rivera

LYNN V. RIVERA
NEVADAN BAR NO. 6797
*Attorneys for Defendant*
Home Depot U.S.A., INC.

Good cause appearing, the Court approves the scheduling order of the Parties.

**IT IS SO ORDERED:**

Date: November 24, 2026

U.S. MAGISTRATE JUDGE